UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-86-R

IN RE:

ALAN BORDERS                                                                                       APPELLANT

v.

ALAN STOUT                                                                                          APPELLEE
CHAPTER 7 BANKRUPTCY TRUSTEE

**MEMORANDUM OPINION**

This matter is before the Court on appeal from the United States Bankruptcy Court for the Western District of Kentucky.  The Debtor Alan Borders appeals the Bankruptcy Court's March 21, 2007 Order ruling upon an objection to an exemption claimed by the Debtor on the proceeds of a life insurance policy insuring the life of the Debtor's wife (Docket #5).  Appellee filed a brief in response (Docket #8).  The Debtor filed a reply brief (Docket #9).  This matter is now ripe for adjudication.  The Court now AFFIRMS IN PART AND REVERSES IN PART the Bankruptcy Court's Order.

**BACKGROUND**

On June 14, 2006, the Debtor and his wife jointly filed a Chapter 13 bankruptcy petition. On June 26, 2006, The Debtor's wife died.  On August 24, 2006, the Debtor's wife was dismissed as a party to the bankruptcy, and the Debtor's case was converted to a Chapter 7.  On Schedule C accompanying his petition, the Debtor listed as exempt property under 11 U.S.C. §522(d)(11)(C) the proceeds of two term life insurance policies with a combined value of $75,000 (hereinafter the "Policies") that were purchased by his deceased wife.  Nearly $66,000 of the proceeds remain after

roughly $9100 was expended on funeral expenses for the insured.

The Trustee objected on grounds that the remaining $66,000 from the proceeds is not reasonably necessary for the Debtor's support and, therefore, may not be exempted from the bankruptcy estate under 11 U.S.C. §522(d)(11)(C). The Debtor filed a response to the Trustee's objection listing several financial liabilities or prospective investments to which these proceeds would be applied in support of his claim that the proceeds are reasonably necessary for his support under 11 U.S.C. § 522(d)(11)(C). The matter was called for a hearing on December 14, 2006. The Trustee let his objection stand on its face, stipulating to the facts offered in the Debtor's response.

The Bankruptcy Court called the case for a status hearing to be held on January 18, 2007. At the hearing, the Debtor supplemented his previously offered facts with the information that the Debtor had recently come to have his seventeen year old stepson live with him at the stepson's request and that the paperwork to make the Debtor the legal guardian was either already executed or soon would be executed. The fact was offered by the Debtor's counsel as being relevant to how much of the insurance proceeds were reasonably necessary for the support of the Debtor and any dependent of the Debtor. The Court verbally indicated that it would "[n]ot really" have any effect.

At the January 18, 2007, hearing the Court addressed the Debtor's illiteracy, one of the factors offered by the Debtor pertaining to his financial need. The Debtor's response to the Trustee's Objection set forth that the Debtor could not read or write, that he had been dependent on his wife to handle the bill paying and business aspects of the marriage, and that the Debtor was limited in job growth and earning potential due to his poor literacy. two other hearings were held on February 21, 2007, and March 21, 2007, to further address the literacy issue. The Court ordered that the Debtor be assessed as to his reading skills and ordered him to take remedial classes before

any of the insurance funds would be released to him.

On March 21, 2007, the Bankruptcy Court entered its written order on the Objection to Exemption. The Bankruptcy Court found that the proceeds from the life insurance are reasonably necessary for the support of Debtor only insofar as they are used for the following purposes:

> (1) $20,000 shall be allotted for the tax liability, a headstone for the Debtor's wife, and a replacement truck for the Debtor. Debtor's counsel shall issue a check directly to the relevant taxing authorities to pay off Debtor's 2006 income tax liability in full. Debtor's counsel shall also issue a check directly to Rock of Ages in the amount of $1215, plus taxes and related expenses, to pay for the headstone described in the estimate accompanying the Debtor's Response to Objection to Exemption. The Debtor's counsel shall distribute the remainder of this $20,000 allotment to the Debtor to put toward the purchase of a replacement vehicle.
>
> (2) Debtor's counsel shall establish a spendthrift trust with the Debtor as sole beneficiary, and the remainder of the life insurance proceeds shall fund the trust. The Debtor shall have no check signing authority on the trust account. Distributions shall begin when the Debtor reaches sixty-five years of age and shall continue until the trust funds are exhausted or the Debtor dies.[1] If funds remain, they shall become a part of his estate.

The Bankruptcy Court held that the Debtor could only retain the remainder of the proceeds in the spendthrift trust upon satisfying the Court that he can read and write on at least a fifth-grade level. The Bankruptcy Court further ordered that the Debtor had demonstrated to the Court that he was now able to read and do math on at least a 10th grade level or better, and, therefore, the Debtor's counsel may release the $20,000 allotment to the Debtor once the Order became final.

The Debtor filed his Notice of Appeal on March 30, 2007.

**STANDARD**

Bankruptcy Rule 8013 sets forth the standard of review of a bankruptcy court's judgment, order, or decree. A bankruptcy court's findings of fact may not be set aside unless clearly erroneous,

---

[1] At the time the Order was rendered, the Debtor was 48 years old.

and a bankruptcy court's legal conclusions are reviewed *de novo*. *Budrow v. Montedonico*, 35 Fed. Appx. 213, 215 (6th Cir. 2002); *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 858 (6th Cir. 2000); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986); *Howard v. Allard*, 122 B.R. 696, 698 (W.D. Ky. 1991). Whether the bankruptcy court had jurisdiction to enter an order is a question of law which must be reviewed *de novo*. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003).

## DISCUSSION

Pursuant to 11 U.S.C. § 522(b)(2), the debtor may exempt from property of the estate, *inter alia*, property listed in 11 U.S.C. § 522(d), which states in pertinent part:

> (d) The following property may be exempted under subsection (b)(2) of this section:
>
> . . .
>
> (11) The debtor's right to receive, or property that is traceable to --
>
> . . .
>
> (C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

For purposes of § 522, the term "dependent" is defined to include the spouse of a debtor, notwithstanding the absence of actual financial dependence. 11 U.S.C. § 522(a)(1).

A bankruptcy judge is vested with considerable discretion in determining what is reasonably necessary for support.

> Determination of the quantum that is needed for support is entrusted to the sound discretion of the bankruptcy court. The bankruptcy court's authority and obligation to determine the extent to which funds are necessary for the support of the debtor and his dependents work as a safeguard to prevent debtors from stashing away assets in

4

    fraud of creditors, thereby ensuring that the proverbial shield cannot be used as a sword.

*In re Carmichael*, 100 F.3d 375, 380 (5th Cir. 1996).  Property that is claimed as exempt will be exempted unless a party in interest objects.  11 U.S.C. § 522(l).  An objecting party must establish by a preponderance of the evidence that the debtor is not entitled to claim the disputed exemption. Fed. R. Bankr. P. 4003(c); *In re Collins*, 281 B.R. 580, 582 (Bankr. M.D. Pa. 2002).  Exemptions are to be liberally construed in favor of the debtor.  *In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985). What is "reasonably necessary for the support of the debtor" is not defined in the Bankruptcy Code; however, "Congress intended to limit its scope to subsistence, rather than lifestyle maintenance." *In re Collins*, 281 B.R. at 582-83; *see also In re Comp*, 134 B.R. 544, 554 (Bankr. M.D. Pa. 1991); *Warren v. Taff (In re Taff)*, 10 B.R. 11, 107 (Bankr. D. Conn. 1981).  In making this determination, "Congress intended to look to the debtor's future needs as well as the debtor's current needs."  *In re Cilek*, 115 B.R. 974, 978-79 (Bankr. W.D. Wis. 1990).

**I. FINANCIAL NEEDS OF DEBTOR'S SEVENTEEN YEAR OLD STEPSON**

    The Debtor argues that the Bankruptcy Court failed to consider the financial needs of the Debtor's dependent seventeen year old stepson for the analysis set forth in 11 U.S.C. § 522(d)(11)(C).  The Trustee states that the record establishes that the issue of the presence of a new dependent in the household was presented to the Bankruptcy Court and the Bankruptcy Court gave consideration to that fact in the final analysis.

    11 U.S.C. § 522(d)(11)(C) allows the debtor to exempt from the property of the estate the debtor's right to receive payments under a life insurance contract insuring the debtor's spouse to the extent "reasonably necessary for the support of the debtor and any dependent of the debtor." Although the Debtor indicated in the January 18, 2007, status hearing that his stepson was now

living with him and that he was in the process of assuming legal guardianship of the stepson, this fact was not addressed in the Bankruptcy Court's Order of March 21, 2007. The funds reasonably necessary for the support of the Debtor's dependents is a factor that the Bankruptcy Court must consider in determining to what extent funds should be exempt. *See id.*; *In re Collins*, 281 B.R. 580, 583-84 (Bankr. M.D. Pa. 2002); *In re Hendricks*, 11 B.R. 48, 50 (Bankr. W.D. Mo. 1981).

This Court finds that the Bankruptcy Court erred when it failed to consider the funds reasonably necessary for the support of Debtor's stepson when determining the portion of the life insurance payments Debtor was entitled to exempt from the property of the estate. The Bankruptcy Court's statement at the January 18, 2007, status hearing that the presence of the new dependent in the household would "[n]ot really" have any effect was inadequate for purposes of the analysis under 11 U.S.C. § 522(d)(11)(C).

## II.     CONDITIONING OF EXEMPTION ON OBTAINING READING SKILLS

The Debtor argues that the Bankruptcy Court erred in requiring the Debtor to demonstrate that he can read and write on at least a fifth-grade level before retaining the remainder of the proceeds in the spendthrift trust. The Trustee argues that the Bankruptcy Court retained the power to require such a showing under Section 105 of the Bankruptcy Code.

The Court finds that this issue is now moot. In the Bankruptcy Court's Order of March 21, 2007, the Bankruptcy Court found that the Debtor had demonstrated that he was now able to read and do math on at least a 10th grade level or better. Therefore, the reading and writing requirement no longer stands as an impediment to the Debtor receiving any of the life insurance proceeds. At this point any opinion that this Court issued addressing the merits of this challenge would be advisory. Thus, the Debtor's appeal as to this issue is moot. *See Hall v. Beals*, 396 U.S. 45, 48

(1969) (holding that a case becomes moot when it "los[es] its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law.").

## III.   RESTRICTIONS ON ACCESS

The Debtor argues that the Bankruptcy Court exceeded its authority by establishing a spendthrift trust with the remainder of the life insurance proceeds that only becomes payable to the Debtor upon his attaining the age of sixty-five. The Trustee asserts that such a ruling was within the Bankruptcy Court's discretion arguing that if the bankruptcy court has broad discretion to determine whether an exemption is allowed, the court must also have the discretion to restrict the application of the exemption to insure that the exempt asset is utilized consistent with the exemption claimed. The Trustee states that in the case that the matter is reversed and the restrictions on usage of the funds removed, the Court should hold a hearing to determine what part of the insurance proceeds are exempt without restrictions.

"A fundamental purpose of the bankruptcy laws is to allow financially distraught debtors the opportunity to rid themselves of overbearing debt and allow the debtor a fresh start in life." *Greene v. Balaber-Strauss*, 76 B.R. 940, 941 (S.D. N.Y. 1987) (citing *Lines v. Frederick*, 400 U.S. 18, 20 (1970)). As stated by Congress:

> The historical purposes of these exemption laws has been to protect a debtor from his creditors to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge.

H.R. REP. NO. 95-595, at 126 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5797, 6087. "[I]t is of prime importance in bankruptcy law that honest debtors be afforded a fresh start as soon and as efficiently as possible." *Greene*, 76 B.R. at 941.

Although a bankruptcy judge is vested with considerable discretion in determining what is reasonably necessary for the Debtor's support, *see In re Carmichael*, 100 F.3d at 380, a bankruptcy judge does not have that same discretion in determining to what use a debtor puts those exempt funds.  A finding of such discretion would be antithetical to the fresh start that the bankruptcy laws seek to allow debtors, as it would require the bankruptcy courts to maintain some degree of control over funds of the debtor's which the court has already determined are exempt from the property of the estate.

Although this Court understands the motivations of the bankruptcy judge and finds his purpose laudable, the Court cannot find that he had the discretion establish a spendthrift trust with a portion of the debtor's exempt property.  The Court finds that ample concern for the Debtor's long term security already exists in the statute.  *See In re Cilek*, 115 B.R. at 978.  This Court finds no reason to reverse that portion of the bankruptcy court's decision finding the life insurance proceeds exempt property, but finds that these funds must be released to the Debtor rather than placed in a spendthrift trust.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS IN PART AND REVERSES IN PART the Bankruptcy Court's Order.  The Court affirms that part of the bankruptcy court's decision finding the life insurance proceeds exempt property under 11 U.S.C. § 522(d) and reverses that portion of the opinion finding that the remaining proceeds must fund a spendthrift trust.  The Court orders the remaining proceeds be released to the Debtor.

An appropriate order shall issue.